**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MICHAEL T. ANDERSON,

Plaintiff-Appellant,

v.

AARON D. KENNARD and
ADMINISTRATIVE OFFICE OF THE
THIRD JUDICIAL DISTRICT COURT,

Defendants-Appellees.

No. 96-4159
(D.C. No. 96-CV-640)
(D. Utah)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Michael Anderson, appearing pro se and proceeding in forma pauperis, appeals the dismissal of his 42 U.S.C. § 1983 complaint against the Sheriff of Salt Lake County, Utah, and various unnamed deputies. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

As plaintiff attempted to enter the courthouse on July 10, 1996, he was stopped at a security checkpoint where his day-pack was x-rayed and he was questioned about a pair of scissors revealed by the x-ray. As one of the deputies proceeded to unzip the day-pack, plaintiff protested and reached his hand toward the day-pack. According to plaintiff, he was immediately restrained by another deputy and was instructed to sit in a chair. The deputies searched plaintiff's day-pack, asked him to empty his pockets, patted him down, and looked through his legal materials. The deputies then instructed plaintiff to leave the courthouse.

Plaintiff filed this action on July 22, 1996, contending his constitutional rights were violated by the deputies' conduct at the courthouse. He subsequently filed an amended complaint challenging an administrative order which was allegedly posted at the courthouse notifying the public that baggage searches would be conducted. On August 26, 1996, a magistrate judge issued a report concluding plaintiff's complaint was frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The report notified plaintiff he was required to file written objections within ten days of receipt of the report. Plaintiff asked for a ten-day extension on September 4, 1996, alleging he had limited time to research the issues because of his work schedule. The district court denied the extension on September 6, 1996. The deadline for plaintiff's objections was calendared for September 8, 1996. On September 5, 1996, plaintiff objected to the calendared date, arguing proper application of Fed. R. Civ. P. 6(a) and (e) resulted in a deadline of September 13, 1996. The district court adopted the magistrate's report on September 16, 1996, and dismissed plaintiff's complaint as frivolous.

Plaintiff has filed a lengthy brief on appeal in which he asserts (1) he was not afforded the requisite ten days to file his written objections to the magistrate's report, and (2) the district court abused its discretion in denying his motion for extension of time to file objections.

Federal Rule of Civil Procedure 72(b) affords a party the right to object to a magistrate's recommendation for disposition of a case "[w]ithin 10 days after being served with a copy of the recommended disposition."  Applying Rule 72(b) here, as well as Rule 6(a) and (e), we agree that plaintiff had until September 13, 1996, to file his written objections.  See CNPq-Conselho Nacional v. Inter-Trade, 50 F.3d 56, 58 (D.C. Cir. 1995) (noting Rule 72 operates in tandem with timing provisions of Rule 6(a) and (e)).

Although plaintiff's filing deadline was apparently miscalculated, he was not prejudiced by the error because the district court waited until September 16, 1996, to adopt the magistrate's report and dismiss the case.  Significantly, plaintiff never filed or attempted to file any objections with the district court, nor has he outlined his objections in his appellate brief.  As for the district court's denial of his motion for extension of time, we find no abuse of discretion.  See Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995).

The order of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
